**Opinion issued April 1, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-24-00955-CV**

————————————

**BENJAMIN LEE STEPHENS, Appellant**

**V.**

**ANGELA MARIE LUMAN, Appellee**

---

**On Appeal from the 257th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-64058**

---

## MEMORANDUM OPINION

On December 2, 2024, appellant, Benjamin Lee Stephens, incarcerated and proceeding pro se, filed a notice of appeal from the trial court's October 7, 2024 "Default Order in Suit for Modification of Support Order and to Confirm Support Arrearage."

We dismiss the appeal for lack of jurisdiction.

Absent a timely filed notice of appeal, we lack jurisdiction over an appeal. *See* TEX. R. APP. P. 25.1. Generally, a notice of appeal of a final judgment must be filed within thirty days after the entry of judgment. *See* TEX. R. APP. P. 26.1. Accordingly, in order to invoke this Court's appellate jurisdiction over the trial court's October 7, 2024 order, appellant was required to file a notice of appeal on or before November 6, 2024.

Where a party timely files certain post-judgment motions, the deadline to file a notice of appeal is extended to ninety days after the entry of judgment. *See* TEX. R. APP. P. 26.1(a)(1). Post-judgment motions generally must be filed within thirty days after the judgment or other order complained of is signed. *See* TEX. R. CIV. P. 329b(a), (g). The appellate record reflects that appellant did not file a post-judgment motion in the trial court. Accordingly, appellant's December 2, 2024 notice of appeal was not timely filed.

Additionally, Texas Rule of Appellate Procedure 26.3 allows for an extension of the deadline to file a notice of appeal if, within fifteen days after the deadline for filing a notice of appeal, an appellant files a notice of appeal in the trial court, and a motion for extension of time to file a notice of appeal in the appellate court. Taking this extension into account, appellant was required to file a notice of appeal in the

trial court, and a motion for extension of time to file a notice of appeal in this Court, no later than November 21, 2024.

Appellant's December 2, 2024 notice of appeal was not filed by the deadline for filing a notice of appeal, even taking into account the extension provided by Texas Rule of Appellate Procedure 26.3. Further, the Court's records do not indicate that appellant filed a motion to extend the deadline to file his notice of appeal. Appellant's December 2, 2024 notice of appeal was therefore not timely filed.

Accordingly, on January 7, 2025, the Court notified appellant that it appeared the Court lacked jurisdiction over the appeal because his notice of appeal was not timely filed. Appellant was directed to file a written response within ten days demonstrating, with citation to law and the record, that the Court had jurisdiction over the appeal.

On February 19, 2025, appellant filed a response to the Court's notice. In his response, appellant argued that the Court has jurisdiction over the appeal because he did not receive "first notice" of the trial court's October 7, 2024 order until November 20, 2024. Appellant's response did not provide any evidence to establish the date he received "first notice" of the trial court's October 7, 2024 order.

Generally, appellate deadlines begin as of the date of the judgment or other appealable order, and a notice of appeal is due "within 30 days after the judgment is signed." *See* TEX. R. APP. P. 26.1. However, where a party does not receive notice

of the judgment or appealable order, appellate deadlines "shall begin on the date that such party . . . received such notice or acquired actual knowledge of the signing" of the judgment or appealable order. *See* TEX. R. CIV. P. 306a(4). For the application of Texas Rule of Civil Procedure 306a(4) to apply, the adversely affected party "is required to prove in the trial court, on sworn motion and notice, the date on which the party . . . first either received a notice of the judgment or acquired actual knowledge of the signing." *See* TEX. R. CIV. P. 306a(5). The appellate record does not indicate that appellant filed a motion pursuant to rule 306a(5) in the trial court to establish the date he received notice of the trial court's October 7, 2024 order.

Absent such evidence, appellate deadlines began to run on October 7, 2024, and appellant's December 2, 2024 notice of appeal was not timely filed. Accordingly, we hold that the Court lacks jurisdiction over this appeal. *See* TEX. R. APP. P. 25.1(a)(1).

We therefore dismiss the appeal for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f). All pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Justices Guerra, Caughey, and Morgan.